UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN MATTHEW ACOSTA,

Plaintiff,

v.

UNKNOWN HIGGINS et al.,

Defendants.

Case No. 1:26-cv-865

Honorable Ray Kent

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a

named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will partially dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

## I. Factual Allegations

Plaintiff's lawsuit relates to events that occurred at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. Plaintiff sues ICF Sergeant Unknown Higgins and an Unknown Party, described as a Michigan Department of Corrections (MDOC) Healthcare Nurse. (Compl., ECF No. 1, PageID.2.)

In Plaintiff's complaint, he alleges that he was on suicide watch on November 10, 2025, when he reopened a cut for the fourth time. (*Id.*, PageID.3.) Plaintiff was "pulled out [of his] cell to be seen by a nurse," and alleges that this was the fourth time he had passed out from the loss of blood.[2] (*Id.*) Plaintiff told Defendant Higgins that Plaintiff could not stand due to passing out, so Plaintiff was placed in a restraint chair and taken to a medical room in segregation. (*Id.*) At that

United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros*.); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] In this opinion, the Court corrects the punctuation, grammar, and spelling in quotations from Plaintiff's filings.

point, Defendant Nurse Unknown Party arrived and examined Plaintiff, including taking his blood pressure. (*See id.*) Plaintiff told Defendant Unknown Party that he "was freezing and [his] vision had spots in it and [he] couldn't stand long before [he] pass[ed] out." (*Id.*) Defendant Unknown Party "clean[ed Plaintiff's] cut with a wet pillowcase and a wet shirt . . . she put one guill [sic] and one piece of tape on [Plaintiff] and said [he was] good to go." (*Id.*) After taking these actions, Defendant Unknown Party told Defendant Higgins that Plaintiff "was fine." (*Id.*)

Plaintiff was then "pushed to the shower area to change out [of his] suicide dress [and] couldn't stand." (*Id.*) Defendant Higgins "kept demanding [Plaintiff] to get up so they can place soft restraints on [him]." (*Id.*) Defendant Higgins told Plaintiff that they would "hold" Plaintiff if he passed out again. (*Id.*) Plaintiff was "weak, blacking out [and] was feeling [like he] was dying." (*Id.*) Plaintiff alleges that "instead of sending [Plaintiff] to the hospital to get some real care, [Defendant Higgins] chose the easy route and forced [Plaintiff] in soft restraints and pushed [Plaintiff] in the same cell." (*Id.*) These events ended on November 11, 2025, at approximately 2:00 a.m. (*Id.*)

On an unspecified date or time, Plaintiff opened his cut for the fifth time and "they decided to send [him] to the hospital." (*Id.*) Plaintiff alleges at that time, he received a blood transfusion because he "was close to having [his] body shut down . . . from the loss of blood." (*Id.*, PageID.4.) Plaintiff states that he is "traumatized now . . . [his] legs have started to swell up badly ever since [he] lost all [his] blood" and that Defendants Higgins and Unknown Party were "only focused on chaining [him] up and tossing [him] back in the cell." (*Id.*)

Based on the foregoing allegations, Plaintiff avers that Defendants violated Plaintiff's Eighth Amendment rights. Plaintiff seeks monetary damages.

**II. Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III. Discussion

### A. Defendant Higgins

Plaintiff sues Defendant Higgins in his official capacity only; but Plaintiff seeks only monetary damages. (Compl., ECF No. 1, PageID.2.) Under these circumstances, in deference to Plaintiff's *pro se* status, the Court will construe Plaintiff's complaint as raising claims against Defendant Higgins in both his official capacity and individual capacity.

#### 1. Official Capacity Claims

A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). And, regardless, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66).

Here, Plaintiff seeks monetary damages only. (Compl., ECF No. 1, PageID.5.) However, as noted above, the MDOC is not a "person" who may be sued under § 1983 for money damages.

*See, e.g.*, *Lapides*, 535 U.S. at 617. Similarly, Plaintiff may not seek monetary damages against Defendant Higgins in his official capacity. *Will*, 491 U.S. at 71 ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

Therefore, for the reasons set forth above, Plaintiff fails to state any § 1983 claims against Defendant Higgins in his official capacity.

### 2. Individual Capacity Claims

In Plaintiff's complaint, he alleges that after he was evaluated by medical, Defendant Higgins took Plaintiff to the shower and demanded that Plaintiff stand up to be placed in restraints. Defendant Higgins told Plaintiff that they would "hold" Plaintiff if he passed out again. (*Id.*) Plaintiff was "weak, blacking out [and] was feeling [like he] was dying" and "instead of sending [Plaintiff] to the hospital to get some real care, [Defendant Higgins] chose the easy route and forced [Plaintiff] in soft restraints and pushed [Plaintiff] in the same cell." (*Id.*) The Court construes these allegations to raise an Eighth Amendment claim against Defendant Higgins.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. In order for a prisoner to prevail on an Eighth Amendment claim, the prisoner must show that he faced a sufficiently serious risk to his health or safety and that defendants acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

At this early stage in the proceedings, the Court must take Plaintiff's factual allegations as true and in the light most favorable to him. Under these circumstances, at this time, the Court will not dismiss Plaintiff's Eighth Amendment claim against Defendant Higgins.

**B. Defendant Unknown Party**

Plaintiff alleges that Defendant Unknown Party violated his Eighth Amendment rights as related to her examinations and treatment of his cut. (*See* Compl., ECF No. 1, PageID.3–4.)

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.*

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

**1. Objective Component**

As relevant to Defendant Unknown Party, Plaintiff alleges that he was taken to the medical room in segregation after being on suicide watch. (Compl., ECF No. 1, PageID.3.) Plaintiff had an open cut and complaints of being cold, weak, and vision with "spots" in it. (*Id.*) At this stage of the proceedings, the Court assumes, without deciding, that Plaintiff has alleged sufficient facts to show a serious medical condition.

**2. Subjective Component**

Turning to the subjective component—i.e., the requirement that a plaintiff alleges sufficient facts to show that "the official [or medical provider was] both . . . aware of facts from

which the inference could be drawn that a substantial risk of serious harm exist[ed]," and that the official or medical provider "also dr[e]w the inference," *Farmer*, 511 U.S. at 837—the Court addresses Plaintiff's allegations against Defendant Unknown Party below.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). As the United States Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir.

2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410, 411 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440–41 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, . . . he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 605 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). The prisoner must show that the care the prisoner received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

Here, Plaintiff claims that Defendant Unknown Party violated his rights under the Eighth Amendment because she said that Plaintiff was "good to go," after she assessed Plaintiff. (Compl., ECF No. 1, PageID.3.) Plaintiff's allegations show that Defendant Unknown Party examined Plaintiff, assessed his vitals, and dressed his cut. (*Id.*) Plaintiff disagrees with Defendant Unknown Party's assessment that he was "good." (*Id.*) Although Plaintiff's allegation that prior to this assessment with Defendant Unknown Party he had reopened his cut three other times is concerning, Plaintiff fails to allege any facts regarding the length of time he had been on suicide watch, the amounts of time between his previous attempts to reopen his cut, the nature or severity of his previous injuries, or his previous and subsequent requests for treatment. In short, Plaintiff appears to ask the Court to fabricate plausibility to his claims from mere ambiguity; however, ambiguity does not support a claim. As written, Plaintiff's allegations amount to faulting Defendant Unknown Party for "fail[ing] to provide more or better treatment, not indifference to his condition." *Mitchell*, 553 F. App'x at 605.

Under these circumstances, Plaintiff fails to state an Eighth Amendment medical care against Defendant Unknown Party.

## Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis*. Further, having conducted the review required by the PLRA, the Court determines that Defendant Unknown Party will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Additionally, the Court will dismiss, for failure to state a claim, Plaintiff's official capacity claims against remaining Defendant Higgins. Plaintiff's Eighth Amendment individual capacity claim against Defendant Higgins remains in the case.

An order consistent with this opinion will be entered.

Dated: August 21, 2026

/s/ Ray Kent
Ray Kent
United States Magistrate Judge