UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

XAVIER SMITH,

Plaintiff,

v.

W. PARKS et al.,

Defendants.

Case No. 2:25-cv-282

Honorable Ray Kent

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. (ECF No. 2.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (Compl., ECF No. 1, PageID.8.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under Rule 21 of the Federal Rules of Civil Procedure, a court may at any time, with or without motion, add or drop a party for misjoinder or nonjoinder. Fed. R. Civ. P. 21. Applying this standard, the Court will drop as misjoined Defendants Bressette, McAdams, Washington, Schroeder, Hoult, Wealton, James, and Kessler. The Court will dismiss Plaintiff's claims against these misjoined Defendants without prejudice.

Further, as to the remaining Defendants, under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will partially dismiss Plaintiff's complaint for failure to state a claim for the reasons detailed below. The Court will deny Plaintiff's motion to expedite (titled "Motion to Respon[d] to Application to Proceed") as moot. (ECF No. 7.)

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis*., 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros*.); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

## Discussion

### I. Motion to Expedite

On June 18, 2026, Plaintiff filed a motion to expedite titled "Motion to Respon[d] to Application to Proceed." (Mot., ECF No 7.) As stated above, the Court will grant Plaintiff leave to proceed *in forma pauperis* in a separate order in accordance with this opinion. Accordingly, the Court will deny Plaintiff's motion to expedite as moot.

### II. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. (Letter, ECF No. 5.) The events about which he complains occurred at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. (Compl., ECF No. 1, PageID.4.) Plaintiff sues MDOC Director Heidi Washington and the following MBP employees: Corrections Officer W. Parks, Captain Unknown Andreski, Corrections Officer Unknown McAdams, Warden Sarah Schroeder, Deputy Warden Michelle Wealton, Assistant Deputy Warden Jerry Hoult, Assistant Deputy Warden Michael James, Administrative Assistant Amanda Mathie, Matt Bush, Mental Health Provider Mark Hares, Chaplain Tom Prisk, Corrections Officer Unknown Bressette, Suzanne Kessler, and Unknown Party #1 named as "P.C. G-Unit RUM." (*Id.*, PageID.1–4.)

On January 29, 2025, Plaintiff was extracted from his cell and taken to segregation "for an unknown reason." (*Id.*, PageID.6–7.) Plaintiff asserts that he was "stripped naked by [Emergency Response Team (ERT)] members [Defendant] Parks and [Defendant] Andreski."[2] (*Id.*, PageID.7.) Plaintiff claims he "was told to bend and spread, which [Plaintiff] did every time." (*Id.*) Plaintiff

[2] In this opinion, the Court corrects the spelling, punctuation, and capitalization in quotations from Plaintiff's complaint.

"was also told to place finger into anus, which [he] refused." (*Id*. (phrasing in original retained).) Plaintiff states he was then gassed and dragged to the shower where Plaintiff's "bottom tooth was knock[ed] out." (*Id*.) Once in the shower, Plaintiff "was told to bend and spread again while showering" and Plaintiff "did as told." (*Id*., PageID.7.) Then, Plaintiff claims the "COs gassed [him] again." (*Id.*)

After being gassed, Plaintiff states he was taken to a cell. (*Id*.) There, "[Defendant] Bressette wouldn't return [Plaintiff's] clothes nor let [Plaintiff] clean [the] cell where [Plaintiff] was just gassed with 2 ½ cans." (*Id*.) "Then on second shift, [Defendant] McAdams wouldn't give [Plaintiff] cleaning supplies due to [a] Sergeant telling him not to." (*Id*.) Plaintiff contends that his right to due process was violated "by getting rid of video footage which would have given [Plaintiff] a not guilty plea instead of being found guilty, which is against the MDOC policy" and Plaintiff's constitutional rights. (*Id.*, PageID.6.)

Plaintiff also claims that "the unit has mold, rats, [and] roaches" and that he is not allowed to clean the cell. (*Id*., PageID.7.) "The cell and shower have feces and human waste []; [the] unit is never clean." (*Id*.) Plaintiff asserts that he coughs and sneezes "due to dust, smell of [urine], and inmates throwing feces at each other." (*Id.*)

Plaintiff further asserts that he has been on lockdown since January 25, 2025. (*Id*., PageID.5.) Plaintiff has an unspecified mental illness and claims that "being locked in [a] cell all day gives [him a] mental break down." (*Id.*) Plaintiff states that Defendants Schroeder, Wealton, Hoult, James, and Kessler "are all the prison administrative control." (*Id*.) Plaintiff states he is only allowed time in the yard three days a week, but he is in "belly chains 24/7." (*Id*.) While in lockdown, Plaintiff "hasn't been able to clean [his] cell, go to any religious services, [take] VPI parole classes, [or get] legal help [from the] law library." (*Id*.) Plaintiff states that he has asked

Defendant Washington "multiple times to be placed into program so [he] can be released and go home." (*Id.*, PageID.5.) Plaintiff avers that "[him] not taking VPI is why [he] can't go home." (*Id.*) Plaintiff also asserts that Defendant Washington has denied Plaintiff his First Amendment right "to Sunni services, [the] law library, and cleaning supplies." (*Id.*)

Additionally, on April 30, 2025, Plaintiff alleges that Defendant Schroeder denied Plaintiff access to religious services. (*Id*., PageID.7.) That same day, Plaintiff states Defendants Schroeder and Hoult "denied [Plaintiff] access to legal help (law library)." (*Id.*)

Furthermore, Plaintiff states that he has filed two complaints under the Prison Rape Elimination Act (PREA), but "nothing ever got looked into, which fall[s] back on all administrat[ors] at this facility." (*Id*., PageID.5.)

**III. Misjoinder**

**A. Joinder**

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action:

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Fed. R. Civ. P. 20(a)(2). Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with

> joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed. 2001), *quoted in Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), *and Garcia v. Munoz*, No. 08-1648, 2008 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also United States v. Mississippi*, 380 U.S. 128, 142–43 (1965) (discussing that joinder of defendants is permitted by Rule 20 if both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778 (internal quotation marks omitted). When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (citation omitted).

The United States Court of Appeals for the Seventh Circuit has explained that a prisoner like plaintiff may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .

> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168–69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA).

Under these circumstances, to allow Plaintiff to proceed with improperly joined claims and Defendants in a single action would permit him to circumvent the PLRA's filing fee provisions and allow him to avoid having to incur a "strike" for purposes of § 1915(g), should any of his claims be dismissed as frivolous or for failure to state a claim. Courts are therefore obligated to reject misjoined claims like Plaintiff's. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Here, Defendant Parks is the first listed Defendant in the case caption. (Compl., ECF No. 1, PageID.1, 4.) Plaintiff alleges that Defendant Parks and Defendant Andreski sexually harassed Plaintiff and used excessive force against Plaintiff on January 29, 2025, while Plaintiff was being moved to segregation. (*Id.*, PageID.7.) Plaintiff's allegations against Defendants Parks and Andreski are transactionally related; however, as explained below, Plaintiff's allegations against Defendants Bressette, McAdams, Washington, Schroeder, Hoult, Wealton, James, and Kessler are transactionally *unrelated* to Plaintiff's allegations against Defendants Parks and Andreski.

As to Defendants Bressette and McAdams, Plaintiff alleges that after the alleged incident of sexual harassment and excessive force on January 29, 2025, Defendant Bressette refused to give Plaintiff his clothes and would not let Plaintiff clean his cell, and Defendant McAdams refused to give Plaintiff cleaning supplies to clean his cell. (*Id.*) Plaintiff's claims against Defendants Bressette and McAdams involve discrete issues that occurred after the alleged sexual harassment

and excessive force incident with Defendants Park and Andreski and are transactionally *unrelated* to the events involving Defendants Park and Andreski.

As to Defendants Washington, Schroeder, Hoult, Wealton, James, and Kessler, Plaintiff alleges Defendant Washington denied Plaintiff access to "VPI parole classes," religious services, the law library, and cleaning supplies on unspecified dates. (*Id*., PageID.5.) Additionally, Plaintiff alleges that on April 30, 2025, Defendant Schroeder denied Plaintiff access to religious services, and that Defendants Schroeder and Hoult denied Plaintiff access to the law library. (*Id*., PageID.7.) Further, Plaintiff alleges that Defendants Schroeder, Wealton, Hoult, James, and Kessler "are all the prison administrative control," and Plaintiff faults these Defendants for Plaintiff's status on lockdown, the conditions of his confinement, and its effects on Plaintiff's mental health. (*See id*., PageID.5–7.) Plaintiff also asserts that he filed two PREA complaints on an unspecified date that were not investigated, and claims that "fall[s] back on all administrat[ors] at this facility," which Plaintiff states are Defendants Schroder, Wealton, Hoult, James, and Kessler. (*Id*.) These claims are distinct from and transactionally *unrelated* to Plaintiff's sexual harassment and excessive force allegations against Defendants Parks and Andreski.

As to Defendants Mathie, Bush, Hares, Prisk, and Unknown Party #1, Plaintiff does not present any factual allegations involving these Defendants. In deference to Plaintiff's *pro se* status, for the purposes of this opinion, the Court assumes Defendants Mathie, Bush, Hares, Prisk, and Unknown Party #1 are properly joined as Defendants.

Therefore, for the reasons set forth above, the Court concludes that Plaintiff's claims against Defendants Parks, Andreski, Mathie, Bush, Hares, Prisk, and Unknown Party #1 are properly joined. However, Plaintiff's claims against Defendants Bressette, McAdams, Washington, Schroeder, Hoult, Wealton, James, and Kessler are improperly joined to the claims

against Defendants Parks, Andreski, Mathie, Bush, Hares, Prisk, and Unknown Party #1. Accordingly, the Court concludes that Plaintiff has improperly joined Defendants Bressette, McAdams, Washington, Schroeder, Hoult, Wealton, James, and Kessler to this action.

**B. Remedy**

The Court has concluded that Plaintiff has improperly joined Defendants Bressette, McAdams, Washington, Schroeder, Hoult, Wealton, James, and Kessler to this action, and the Court must determine an appropriate remedy.

Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572–73 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . .'" (citation omitted)); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[D]ismissal of claims against misjoined parties is appropriate."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV*, 467 F.3d at 845. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely

claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846–47.

Plaintiff brings this action under 42 U.S.C. § 1983. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). Here, Plaintiff's complaint involves events that occurred in 2025. (*See generally* Compl., ECF No. 1.) Plaintiff's complaint provides no indication that the statute of limitations has or will run on Plaintiff's claims against Defendants Bressette, McAdams, Washington, Schroeder, Hoult, Wealton, James, and Kessler, and Plaintiff has provided no basis for this Court to conclude that he would suffer gratuitous harm if his claims against Defendants Bressette, McAdams, Washington, Schroeder, Hoult, Wealton, James, and Kessler are dismissed without prejudice.

Accordingly, the Court will exercise its discretion under Rule 21 and drop Defendants Bressette, McAdams, Washington, Schroeder, Hoult, Wealton, James, and Kessler because they are misjoined. The Court will dismiss Plaintiff's claims against Defendants Bressette, McAdams, Washington, Schroeder, Hoult, Wealton, James, and Kessler without prejudice.[3]

---

[3] Plaintiff is advised that any new civil actions in this Court must be filed on the form provided by this Court, *see* W.D. Mich. LCivR 5.6(a), and at the time of filing his complaint(s), Plaintiff must pay the required filing fees or apply in the manner required by law to proceed *in forma pauperis*. As fully discussed in this opinion, Plaintiff is cautioned that he must limit all future actions to Defendants and claims that are transactionally related to one another. The Court may, in its discretion and without further warning, dismiss any future complaint, or part thereof, filed by Plaintiff that contains claims that are misjoined.

## IV. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff raises claims of sexual harassment and excessive force under the Eighth Amendment. (*See* Compl., ECF No. 1, PageID.7.) As relief, Plaintiff seeks compensatory damages. (*Id*., PageID.8.)

**A. Defendants Mathie, Bush, Hares, Prisk, and Unknown Party #1**

Plaintiff identifies Defendants Mathie, Bush, Hares, Prisk, and Unknown Party #1 (named as "P.C. G-Unit RUM") as Defendants in the caption of his complaint. (*See* Compl., ECF No. 1, PageID.2–3.) However, Plaintiff fails to name Defendants Mathie, Bush, Hares, Prisk, and Unknown Party #1 in the body of his complaint. (*See id*., PageID.5–7.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore*, 92 F. App'x at 190.

Here, Plaintiff does not name Defendants Mathie, Bush, Hares, Prisk, or Unknown Party #1 in the body of the complaint and thus makes no particular factual allegations against these

Defendants. (*See* generally Compl., ECF No. 1.) Therefore, Plaintiff's claims against Defendants Mathie, Bush, Hares, Prisk, and Unknown Party #1 fall short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2).

Accordingly, for the reasons set forth above, Defendants Mathie, Bush, Hares, Prisk, and Unknown Party #1 are properly dismissed for failure to state a claim.

**B. Eighth Amendment Claims**

Plaintiff brings Eighth Amendment claims of sexual harassment and excessive force against Defendants Parks and Andreski regarding the events that occurred on January 29, 2025. (*See* Compl., ECF No. 1, PageID.7–8.)

At this stage in the proceedings, the Court must take Plaintiff's factual allegations as true and in the light most favorable to him. Although Plaintiff's allegations lack some specificity, at this early stage of the proceedings, the Court will not dismiss Plaintiff's Eighth Amendment sexual harassment and excessive force claims against Defendants Parks and Andreski.

**Conclusion**

The Court will grant Plaintiff leave to proceed *in forma pauperis* (ECF No. 2) and deny Plaintiff's motion to expedite (ECF No. 7). The Court will drop Defendants Bressette, McAdams, Washington, Schroeder, Hoult, Wealton, James, and Kessler as misjoined pursuant to Rule 21 of the Federal Rules of Civil Procedure. The Court will dismiss Plaintiff's claims against these Defendants without prejudice.

Further, having conducted the review required by the PLRA, the Court determines that Defendants Mathie, Bush, Hares, Prisk, and Unknown Party #1 will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's

Eighth Amendment sexual harassment and excessive force claims against Defendants Parks and Andreski remain in the case.

An order consistent with this opinion will be entered.

Dated: August 24, 2026

/s/ Ray Kent
Ray Kent
United States Magistrate Judge